UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RASHID ADAN,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>CITY OF SAN DIEGO; OFFICER JASON LANGLEY; and DOES 1–10,<br><br>　　　　　　　　　　Defendants. | Case No.: 3:19-cv-1523-LAB-AHG<br><br>**ORDER GRANTING IN PART JOINT MOTION TO CONTINUE DISCOVERY DEADLINES**<br><br>**[ECF No. 16]** |

  Before the Court is the parties' Joint Motion to Continue Discovery Deadlines. ECF No. 16. There, the parties jointly requested that the Court extend discovery deadlines by approximately three months. *Id*.

  Parties seeking to modify the scheduling order under Rule 16(b) must demonstrate good cause. FED. R. CIV. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent"); Chmb.R. at 2 (stating that any request for continuance requires "[a] showing of good cause for the request"); *see also* FED. R. CIV. P. 6(b) ("When an act may or must be done within a specified time, the court may, for good cause, extend the time"). "Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259

(9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

Here, the parties have represented to the Court that the parties have exchanged written discovery but were unable to schedule Plaintiff's deposition due to conflicts on both the Plaintiff's and Defendant's counsel's calendars. ECF No. 16 at 2. The parties have discussed resetting party depositions in March or April. *Id*. Additionally, the parties have represented that they would like the opportunity to discuss settlement before extensive attorney fees and costs are incurred. *Id*.

As an initial matter, the parties' motion is deficient. First, fact discovery closed on February 24, 2020, (*see* ECF No 10 at 1), but the instant motion to continue the fact discovery deadline, among others, was filed on March 3, 2020. ECF No. 16. By filing the motion eight days <u>after</u> the date of the affected deadline, the parties failed to follow the Court's Chambers Rules. *See* Chmb.R. at 2 (requiring that "[a]ll requests for continuances must be made by a joint motion no less than seven calendar days <u>before</u> the affected date") (emphasis added). The Court expresses its deep concern in the parties' blatant disregard for the Court's Chambers Rules.

Second, the parties failed to provide a declaration from counsel, as required by the Court's Chambers Rules. Chmb.R. at 2 (requiring that the joint motion for continuance include a "declaration from counsel seeking the continuance that describes the steps taken to comply with the existing deadlines, and the specific reasons why the deadlines cannot be met"). The Court will take the parties at their word without the required declaration, but will not do so again.[1]

---

[1] "There can be no question that courts have inherent power to enforce compliance with their lawful orders . . ." *Shillitani v. United States*, 384 U.S. 364, 370 (1966); *see* CivLR 83.1 (authorizing imposition of sanctions based on a party's failure to comply with a court order).

Despite the joint motion's shortcomings, upon review of the record, the Court finds good cause to extend the deadlines set forth in the scheduling order.

Thus, the parties' joint motion is **GRANTED IN PART** as follows:

1. All fact discovery shall be completed by all parties by **May 28, 2020**.

2. The parties shall designate their respective experts in writing by **June 24, 2020**. The date for exchange of rebuttal experts shall be by **July 24, 2020**.

3. By **June 24, 2020**, each party shall comply with the disclosure provisions in Rule 26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure.

4. Any party shall supplement its disclosure regarding contradictory or rebuttal evidence under Rule 26(a)(2)(D) by **July 24, 2020**.

5. All expert discovery shall be completed by all parties by **August 21, 2020**.

6. All other pretrial motions must be filed by **September 28, 2020**.

7. The parties must abide by all other mandatory procedures set forth in the Court's initial Scheduling Order. *See* ECF No. 10.

8. In the instant motion, the parties did not seek to continue the Mandatory Settlement Conference or Pre-Trial dates. *See* ECF No. 16 at 1–2 ("The parties seek a continuance of the following dates: Fact Discovery …, Expert Discovery …, Rebuttal Expert Exchange …, Expert Discovery …, Pretrial Motions"). Thus, the remainder of the dates and deadlines set forth in the Court's October 18, 2019 Scheduling Order (ECF No. 10) **remain in place**, except as explicitly modified by this Order.

**IT IS SO ORDERED.**

Dated: March 3, 2020

_____
Honorable Allison H. Goddard
United States Magistrate Judge